Civilian pay; reduction in force; agency priomty placement program; agency discretion. — On May 2, 1975 the court issued the following order:
Before cowejst, Chief Judge, skeltoN and kashiwa, Judges.
“This case comes before the court on defendant’s motion for rehearing to amend the decision and judgment entered in this case on December 18, 1974 (205 Ct. Cl. 791, 507 F. 2d 1264), on the ground that the Agency’s Priority Placement Program gave it the discretion to rehire plaintiff or someone equally qualified. Upon consideration of the motion, together with copies of pertinent regulations, an affidavit by Garold Muncie, and a letter of August 1,1972, addressed to Charles K. Tinkler; and also upon consideration of plaintiff’s response to the motion, the court finds:
“(1) On June 9, 1972, plaintiff applied to the Defense Supply Agency for the vacant position of Quality Assurance Specialist, GS-11, under the Department of Defense Instruction 1404.5, Nation-Wide Centralized Eeferral System for Displaced Department of Defense Employees, but *900 the Agency appointed Mr. Raymond A. Johnson to the position instead of plaintiff;
“ (2) that Section VII, Sub-part D of the Priority Placement Program, which was in effect at that time, contained an exception which incorporated the following provisions of the Federal Personnel Manual, Chapter 335, Subchapter 4-3c(l):
General. An agency must provide for an exception to competitive promotion procedures to allow for re-promotion to a grade or position from which an employee was demoted in the agency without personal cause, that is, without misconduct or inefficiency on the part of the employee and not at his request. An agency may provide the same exception for employees who were demoted without personal cause in another agency. Acceptance of a lower-grade position in lieu of reduction in force or in lieu of relocation in a transfer of function is not a demotion at the employee’s request for this purpose.
“(3) Mr. Johnson had previously been demoted from a Missile Site Activity, Missile Quality Control Representative, GS-11, to Mechanical Quality Control Representative, GS-9, on November 9, 1963. The affidavit of Mr. Muncie shows that the demotion was without personal cause within the meaning of the Federal Personnel Manual, as quoted above. As a result, Mr. Johnson was qualified for repromotion under the regulations then in force. His name and Mr. Fredrick’s name were referred to the Selecting Supervisor, along with names of other individuals entitled to special consideration for promotion. The Selecting Supervisor had the discretion to select any one of these individuals, and he chose Mr. Johnson.
“Based on the foregoing, the court concludes that the officials of the Government did not act unreasonably and did not abuse their discretion in failing to appoint plaintiff. Drucker v. United States, 201 Ct. Cl. 511, 198 F. 2d 1350 (1971), and Odian v. United States, 203 Ct. Cl. 306 (1973).
“it is ti-iereeore ordered that the court’s decision and judgment of December 18, 1971, is amended to the extent that the order of remand is withdrawn. Defendant’s motion *901 to amend the judgment is granted and plaintiff’s petition is dismissed.”